# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MONTES, JR., | 1:09-cv-00578 AWI MJS HC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| JAMES D. HARTLEY, | [Doc. 15] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Christopher J. Rench, Esq., of the Office of the Attorney General for the State of California.

**I.   BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Orange, by way of guilty plea to second degree murder. (Pet. at 2.) Petitioner was sentenced to serve a term of fifteen (15) years to life in state prison on December 31, 1980. (Id.) Petitioner is currently challenging the December 20, 2006 decision of the California Board of Parole Hearings ("Board") denying Petitioner parole.  (Id., Ex. A.)

1  Starting in December 2007, Petitioner filed three collateral challenges with respect to
2  the decision of the Board in the state courts, all petitions for writ of habeas corpus, as follows:

3      1.    <u>Orange County Superior Court</u>
        Filed: December 27, 2007[1];
4          Denied: January 16, 2008;

5      2.    <u>California Court of Appeals, Fourth Appellate District</u>
        Filed: March 30, 2008[2];
6          Denied: May 8, 2008;

7      3.    <u>California Supreme Court</u>
        Filed: June 9, 2008[3];
8          Denied: November 12, 2008;

9  <u>See</u> Mot. to Dismiss, Exs. 1-6.

10  On March 15, 2009[4], Petitioner filed the instant federal petition for writ of habeas corpus
11  in this Court. On June 30, 2010, Respondent filed a motion to dismiss the petition as being
12  filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). Over thirty
13  days have passed, and Petitioner has not filed an opposition to Respondent's motion to
14  dismiss.

15  **II.**     **DISCUSSION**

16      **A.**     **Procedural Grounds for Motion to Dismiss**

17  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
18  petition if it "plainly appears from the petition and any attached exhibits that the petitioner is
19  not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254

---

[1] In <u>Houston v. Lack</u>, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. <u>Huizar v. Carey</u>, 273 F.3d 1220, 1222, (9th Cir. 2001), *citing* <u>Houston</u>, 487 U.S. 266, 276, 108 S.Ct. at 2385. Under the mailbox rule, the Court deems petitions filed on the date Petitioner presumably handed his petition to prison authorities for mailing. <u>See</u> also Rule 3(d) of the Rules Governing Section 2254 Cases. Pursuant to the mailbox rule, the Court considers the petition filed on December 27, 2007, the date Petitioner signed the petition.

[2] Although the petition was filed on April 3, 2008, pursuant to the mailbox rule the Court considers the petition filed on March 30, 2008, the date Petitioner signed the petition.

[3] Although the petition was filed on June 12, 2008, pursuant to the mailbox rule the Court considers the petition filed on June 9, 2008, the date Petitioner signed the petition.

[4] Although the petition was filed on March 18, 2009, under the mailbox rule the Court will consider the petition filed on March 15, 2009, the date Petitioner signed the petition.

Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**B.     Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc) (1997).

The petition in this case was filed on March 15, 2009, and therefore it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>     (A) the date on which the judgment became final by the conclusion of

>     direct review or the expiration of the time for seeking such review;
>
>         (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>         (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>         (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>     (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. When a petitioner is challenging a parole board decision, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. See Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir.2003) (holding that § 2244(d)(1)(D) applies in the context of parole decisions and that the Board of Prison Term's denial of an inmate's administrative appeal is the "factual predicate" of the inmate's claim that triggers the commencement of the limitations period).

Respondent submits that the limitations period began to run on December 20, 2006, the date of the Board's decision denying Petitioner parole, and Petitioner had a year thereafter to file a timely federal petition. Respondent's argument is flawed.

At the time the Redd decision was rendered, September 11, 2003, California prisoners could contest the Board's adverse parole decision by filing an administrative appeal from the final decision of the Board. See Cal. Code Regs. tit. 15, § 2050 et seq. (2003). However, on May 1, 2004, the administrative appeal process was repealed and abolished. See Cal. Code Regs. tit. 15, § 2050 et seq. (2004).

Now, a parole consideration hearing decision, such as the December 20, 2006 decision, is considered a proposed decision until it passes through a decision review process.

Cal. Code Regs., tit. 15, § 2041(h). All proposed decisions become final within 120 days unless the Board, chief counsel, or designee modifies the proposed decision or orders a new hearing. Id.; Cal. Penal Code § 3041(b) ("any decision of the parole panel finding an inmate suitable for parole shall become final within 120 days of the date of the hearing. During that period, the board may review the panel's decision.")

Here, the Board's adverse decision rendered on December 20, 2006, was merely a proposed decision that did not become final until 120 days thereafter, on April 19, 2007. (See Pet., Ex. A, p. 92.) Thus, the factual predicate of Petitioner's claim accrued on this date, which is the date the Board's decision became final. The statute of limitations began to run the next day, April 20, 2007, and Petitioner had one-year thereafter to file a timely petition. 28 U.S.C. § 2244(d)(1)(D); Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004).

Accordingly, Petitioner would have one year from April 20, 2007, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing the instant petition until March 15, 2009, over ten months after the statute of limitations period expired. Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred by the statute of limitations.

**C.     Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as

1 untimely or determined by the federal courts to have been untimely in state court will not
2 satisfy the requirements for statutory tolling. Id.

3 As stated above, the statute of limitations period began on April 20, 2007. Petitioner
4 filed his first state habeas petition on December 27, 2007, in the Orange County Superior
5 Court. At that point, 251 days of the limitations period had elapsed. Assuming all of Petitioner's
6 state petitions were properly and timely filed, the statute of limitations was tolled until the
7 California Supreme Court denied his petition on November 12, 2008.

8 As 251 days had expired prior to Petitioner filing his state habeas petitions, 114 days
9 of the limitations period remained as of November 12, 2008. Accordingly, the limitations period
10 expired on March 6, 2009. The present petition was filed on March 15, 2009, nine days after
11 the expiration of the year statute of limitations period including applicable tolling. Accordingly,
12 the instant federal petition remains untimely.

### D. Equitable Tolling

14 The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1)
15 that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance
16 stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v.
17 Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163
18 F.3d 530, 541 (9th Cir. 1998), citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th
19 Cir. 1996), cert denied, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that
20 would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th
21 Cir.1993). Petitioner has not presented any evidence regarding equitable tolling. Accordingly,
22 Petitioner is not entitled to the benefit of equitable tolling and his petition remains untimely.

### III. CONCLUSION

24 As explained above, Petitioner failed to file the instant petition for Habeas Corpus within
25 the one year limitation period required by 28 U.S.C. § 2244(d).  While Petitioner is entitled to
26 the benefit of statutory tolling, the Petition was still not timely filed. Finally, Petitioner is not
27 excused from timely filing due to equitable tolling.  Based on the foregoing, the Court
28 recommends that Respondent's motion to dismiss be granted.

## IV.    RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections.  The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    August 25, 2010              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE